# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

    SECOND SOUTHERN BAPTIST
    CHURCH OF NEW YORK,

                          Debtor.
------------------------------------------------------------X

**Chapter 11**
**Case No.**
**15-12509(SHL)**

ORDER UNDER 11 U.S.C. §§ 105, 363 AND 365
APPROVING (i) PURCHASE AGREEMENT WITH
PURCHASER, (ii) SALE FREE AND CLEAR OF ALL
LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES,
AND (iii) ASSUMPTION AND ASSIGNMENT OF LEASES

Second Southern Baptist Church of New York, debtor and debtor-in-possession herein (the "Debtor") having applied for an order (the "Sale Order") under 11 U.S.C. §§ 105, 363 and 365 authorizing the Debtor to sell real property owned by the Debtor located in Bronx County, New York, with street addresses of 1340 Edward L. Grant Highway, 59A West 170th Street, 53-59 West 170th Street, 53-59 West 170th Street, 1372A Jessup Avenue, Bronx, New York (the "Property") pursuant to the Auction Procedures (as defined below), free and clear of all liens, claims, interests and encumbrances thereon to that entity making a Qualified Bid that is determined by the Court to be the highest and/or best bid for the Property; and authorizing the assumption and assignment of the leases (the "Leases") referred to in, and annexed to, the Purchase Agreement.

---

Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Purchase Agreement.

1

Upon this Court's prior order, dated _____, 2017 (the "Bidding Procedures Order"), scheduling a hearing with respect to the sale of the Property, prescribing the form and manner of notice thereof, approving certain auction procedures, including the terms and conditions of sale and bidding for the Property (the "Auction Procedures"); and the Court having also entered an order, dated _____, 2017 and scheduling a hearing on the Sale; and

Due notice of the proposed sale, the Bidding Procedures Order, the Hearing (as defined below) having been given to all parties entitled thereto, as evidenced by the affidavits of service previously filed with this Court (the "Affidavits"); and

A hearing having been held before this Court on _____, 2017 to consider the sale of the Property and the assumption and assignment of the Leases (the "Hearing"), at which time all parties in interest were afforded an opportunity to be heard; and the Court having determined that the Purchaser (defined below) has made the highest and best offer for the Property pursuant to the Purchase Agreement (defined below) as provided in the Auction Procedures; and the Court having received evidence in support of approval of the sale of the Property and the assumption and assignment of the Leases as provided herein; and there being no opposition to the proposed sale or the entry of this Sale Order;

NOW, THEREFORE, based upon the Court's review of the Affidavits; and upon all of the evidence proffered or adduced at, memoranda filed in connection with, and arguments of counsel made at, the Hearing; and upon the entire record of the Hearing and this case; and after due deliberation thereon; and good cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of this case in this district is proper pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (N). The statutory predicates for the relief granted herein are Sections 105, 363 and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* as amended (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 6004 and 6006.

4. The Debtor has followed the procedures for giving notice of the Hearing on the sale of the Property as set forth in the Bidding Procedures Order.

5. Proper, timely, adequate and sufficient notice of the Hearing and the sale of the Property has been provided in accordance with Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, and the Procedures Order, and no other or further notice of the Hearing or the entry of this Sale Order is required.

6. A reasonable opportunity to object or be heard regarding the relief requested has been afforded to all interested persons and

entities, including (a) all parties who claim interests in or liens upon the Property, (b) all parties to the Leases to be assumed and assigned to the Purchase Agreement, (c) the Debtor's creditors, (d) the United States Trustee, (e) the Office of the New York Attorney General, (d) the New York State Department of Taxation and Finance, (e) the New York City Department of Finance, (f) the New York City Environmental Control Board, (g) the U.S. Internal Revenue Service and (h) all other entities filing a written request for notices in this case.

7. The Debtor has full power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the sale of the Property by the Debtor to the Purchaser thereunder has been duly and validly authorized by all necessary action (defined below) of the Debtor.

8. The Debtor has all the power and authority necessary to consummate the transaction contemplated by the Purchase Agreement pursuant to Bankruptcy Code Sections 105, 363 and 365 and Section 12 of the New York Religious Corporation Law and no consents or approvals other than those expressly provided for in the Purchase Agreement, are required for the Debtor to consummate such transaction.

9. The sale of the Property, including the assumption and assignment of the Leases, reflects the exercise of the Debtor's sound business judgment. The sale of the Property is further justified by the circumstances presented to the Court at the Hearing.

10. Approval of the Purchase Agreement and consummation of the sale of the Property at this time is in the best interests of the Debtor, its creditors and estate. The Court finds that the Debtor has articulated good and sufficient business justification for the sale of the Property pursuant to Section 363(b) of the Bankruptcy Code in that, among other things:

    a. A sale pursuant to Sections 363(b) of the Bankruptcy Code is likely to produce a greater return to creditors in this case than if the Property were sold at a forced sale;

  b.  The Leases are executory contacts within the meaning of Section 365(a) of the Bankruptcy Code.

  c.  Claims against the Debtor's estate will be minimized as a result of the prompt consummation of a sale of the Property and the concomitant assumption and assignment of the Leases to the Purchaser;

  d.  A sale to the Purchaser (defined below) of the Property at this time will result in the highest possible sale price; and

  e.  Unless a sale to the Purchaser (defined below) is concluded as provided for under the Purchase Agreement the Debtor, its estate and its creditors will realize substantially less value for the Property.

11.  The terms and conditions of the Purchase Agreement attached as Exhibit A hereto (the "Purchaser Agreement") are fair and reasonable. The $_____ bid of _____ as _____ (the "_____"), represents the highest and best offer for the Property and constitutes reasonably equivalent and fair market value under the Bankruptcy Code and applicable nonbankruptcy law.

12.  The Purchaser has provided adequate assurance of the Purchaser's future performance under the Leases to be assigned to the Purchaser with the meaning of Sections 365(b)(1)(C) and (f)(2)(B) of the Bankruptcy Code.

13.  The assumption and assignment of the Leases pursuant to the Purchase Agreement is in the best interest of the Debtor, its estate and its creditors.

14.  The Purchaser is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby. Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the Contract of Sale to be avoided under Section 363(n) of the Bankruptcy Code.

5

15. In the absence of a stay pending appeal, the Purchaser will be acting in good faith within the meaning of Section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Purchase Agreement.

16. The transfer of the Property and the assignment of the Leases pursuant to the Purchase Agreement (a) are or will be legal, valid and effective transfers of property of the Debtor's estate to the Purchaser, and (b) vest or will vest the Purchaser with all right, title, and interest of the Debtor in and to the Property free and clear of all liens, claims, interests, and encumbrances under Section 363(f) of the Bankruptcy Code.

17. All amounts, if any, to be paid by the Debtor pursuant to the Purchase Agreement constitute administrative expenses under Sections 503(b) and 507(a)(1) of the Bankruptcy Code and are immediately payable if and when the Debtor's obligations arise under the Purchase Agreement without further order of the Court.

18. The transfer of the Property and will not subject the Purchaser to any debts, liabilities, obligations, commitments, responsibilities or claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against the Debtor, by reason of such transfer and assignment under the laws of the United States, any state, territory or possession thereof.

19. All of the provisions of this Sale Order and the Purchase Agreement are nonseverable and mutually dependent.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. All conditions and transactions contemplated by the Purchase Agreement are hereby approved in all respects, and the sale of the Property pursuant to the Contract of Sale is authorized and directed under Section 363(b)(1) of the Bankruptcy Code.

2. Pursuant to Section 363(b)(1) of the Bankruptcy Code, the Debtor is authorized, directed and empowered to fully assume, perform under, consummate and implement the Contract of Sale, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of assigning, transferring, granting and conveying the Property and the Leases to the Purchaser and as may be necessary or appropriate to the performance of the obligations contemplated by the Purchase Agreement.

3. Pursuant to Section 105(a) and 363(f) of the Bankruptcy Code, the Property and the Leases shall be transferred to the Purchaser, and upon the closing under the Purchase Agreement shall be, free and clear of all mortgages, security interests, Uniform Commercial Code financing statements, assignments of leases and rents (except for the assumption of the Leases), mechanics liens, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances (other than utility, storm water, sanitary sewer and reciprocal easements), restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to as "Liens" herein) and all debts arising in any way in connection with any acts of the Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing collectively referred to as "Claims" herein), with all such Liens and Claims to attach to the Purchase Price (as defined in the Purchase Agreement) and all proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Property.

4. Except as expressly permitted by the Purchase Agreement, all persons and entities holding Liens or Claims of any kind and nature with respect to the Property are barred from asserting such Liens and Claims of any kind and nature against the Purchaser, its successors or assigns, the Property or the Lease.

5. Except as provided in the Purchase Agreement, the Purchaser is not assuming, nor shall it in any way whatsoever be liable or responsible, as a successor or otherwise, for, any Liens, Claims, liabilities, debts or obligations of the Debtor or any Liens, Claims, liabilities, debts or obligations in any way whatsoever relating to or arising from the Property or the Leases or the Debtor's operation or use of the Property or the Leases, including, without limitation, the assumed Leases, prior to consummation of the transactions contemplated by the Purchase Agreement, or any liabilities calculable by reference to the Debtor or its Property or operations, or relating to continuing conditions existing on or prior to consummation of the transactions contemplated by the Purchase Agreement, which liabilities, debts and obligations are hereby extinguished insofar as they may give rise to successor liability.

6. Except as provided in the Purchase Agreement, no person or entity, including, without limitation, any federal, state or local governmental agency, department or instrumentality, shall assert against the Purchaser or its successors in interest any liability, debt or obligation relating to or arising prior to the closing of the sale from the Property, the Leases, or from the Debtor's operation or use of the Property, including, without limitation, the assumed Leases, or any liabilities calculable by reference to the Debtor or its or operations, and all persons and entities are enjoined from asserting any such liabilities, debts or obligations against the Purchaser.

7. The Debtor is authorized in accordance with section 365 of the Bankruptcy Code, and subject to the terms of the Purchase Agreement to (a) assume and assign the Leases to the Purchaser pursuant to Section 365 of the Bankruptcy Code, free and clear of all Liens, and

8

Claims, and (b) execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign and transfer the Leases to the Purchaser. There are no cure amounts to be paid in connection with such assumption and assignment provided that the Debtor performs the Leases in the ordinary course prior to the closing thereof.

8. The Leases, upon assignment to the Purchaser, shall be deemed to be valid and binding and in full force and effect and enforceable in accordance with its terms, and, pursuant to Section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to such Lease after such assignment.

9. On and after the date of the Purchaser's payment to the Debtor of the Purchase Price as required by the Purchase Agreement (the "Closing Date"), each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release its Liens and/or Claims on, if any, against the Property and the Lease, as such Liens or Claims may have been recorded or may otherwise exist.

10. As to the Purchase Agreement and the Property and Leases and Leases transferred thereby, this Sale Order (a) is and shall be effective as a determination that, on the Closing Date, all Liens and Claims existing as to the Property or the Leases prior to the Closing Date have been unconditionally released, discharged and terminated, and that the conveyance described in decretal paragraph 3 hereof has been effected, and (b) is and shall be binding upon and govern the acts of allentities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insureany title or state of title in or to any of the Property or the Lease.

11. If any person or entity that has filed financing statements, mortgages, mechanic liens, assignments of leases and rents, or other documents or agreements evidencing Liens on or interests in the Property or the Lease shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or discharges releasing all of the Liens or other interests which the person or entity has with respect to the Property or the Leases, the Debtor is authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property and the Leases.

12. All entities who are presently, or on the Closing Date may be, in possession of the Property are directed to surrender possession of the Property to the Purchaser on the Closing Date.

13. Each and every federal, state, and local governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

14. As of the Closing Date, all agreements of any kind whatsoever and all orders of this Court entered prior to the date hereof shall be deemed amended and/or modified to the extent required to permit the consummation of the transactions contemplated by the Contract of Sale, including without limitation the transfer of the Property and the Leases to the Purchaser.

15. Per Order of this Court dated May 19, 2017 at the closing of title to the Property the Tax Liens held by NYCTL-1998-2/MTAG, NYCTL 2014-A Trust and NYCTL 2015-A Trust shall be paid in full, including all post-petition interest, fees and all applicable charges, from the proceeds of the Sale.

16. This Court retains jurisdiction (i) to enforce and implement the terms and provisions of the Purchase Agreement, all amendments thereto, any waivers and consents

thereunder, and of each of the agreements executed in connection therewith, (ii) to compel delivery of the Property and the Leases to the Purchaser, as provided for in this Order or in the Contract of Sale, (iii) to compel delivery of the Purchase Price, (iv) to resolve any disputes arising under or related to the Purchase Agreement, except as otherwise provided therein, and (v) to interpret, implement and enforce the provisions of this Sale Order.

17. Nothing contained in any Chapter 11 plan confirmed in this case or the order of confirmation confirming any such plan shall conflict with or derogate from the provisions of the Purchase Agreement or the terms of this Sale order.

18. The Purchaser is Purchaser in good faith of the Property and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

19. In the absence of a stay pending appeal, if the Purchaser elects or is required to close under the Purchase Agreement at any time after entry of this Sale Order, then, with respect to the Purchase Agreement, the purchase of the Property, and the assumption and assignment of the Leases, Purchaser shall be entitled to the protections of Section 363(m) of the Bankruptcy Code if this Sale order or any authorization contained herein is reversed or modified on appeal.

20. The terms and provisions of the Contract of Sale, together with the terms and provisions of this Sale Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate and creditors, the Purchaser, and their respective affiliates, successors and assigns, and any affected third parties including but not to all non-debtor parties to the Leases to be assigned to the Purchaser pursuant to the Purchase Agreement and persons asserting a claim against or interest in the Debtor's estate or the Property to be sold to the Purchaser pursuant to the Purchase Agreement, notwithstanding any subsequent appointment of any trustee for the Debtor under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding in all respects.

21. The failure specifically to include any particular provisions of the Purchase Agreement in this Sale Order shall not diminish or impair the efficiency of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

22. The Purchase Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

Dated: New York, New York
_____, 2017

                                                     _____
                                                   HONORABLE SEAN H. LANE
                                                   UNITED STATES BANKRUPTCY JUDGE