# Exhibit B

REICH REICH & REICH, P.C.
Attorneys for Debtor
Second Southern Baptist Church
of New York
235 Main Street, 4th Floor
White Plains, NY 10601
(914) 949-2126
By: Lawrence R. Reich
lreich@reichpc.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

    SECOND SOUTHERN BAPTIST
    CHURCH OF NEW YORK,

                  Debtor.
------------------------------------------------------------X

Chapter 11
Case No.
15-12509(SHL)

## ORDER: (A) APPROVING BIDDING PROCEDURES; AND (B) FIXING A HEARING DATE ON THE DEBTOR'S PROPOSED SALE OF ASSETS AND PROPOSED ASSUMPTION AND ASSIGNMENT OF LEASES PURSUANT TO 11 U.S.C. §§363 AND 365

This matter coming before the Court on the Motion of the Debtor and Debtor-in-Possession, Second Southern Baptist Church of New York (the "Debtor") pursuant to 11 U.S.C. §§105(a), 363(b), 363(f), 363(m) and 365 for an Order (1) Conditionally Authorizing Sale of Certain Assets of the Debtor Subject to Competing Bids, Free and Clear of Liens, Claims and Encumbrances, and the Assumption and Assignment of Leases; and (ii) Approving Bidding Procedures ("the Motion"); and the Court having reviewed the Motion; and after a hearing before the Court on _____ (the "Hearing"), the Court FINDS that:

    (a)    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

1

(b) This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

(c) Notice of the Motion (and service of this proposed Order) was sufficient under the circumstances.

(d) In the Motion, the Debtor proposes to sell real property owned by it located at located in Bronx County, New York, with street addresses of 1340 Edward L. Grant Highway, 59A West 170th Street, 53-59 West 170th Street, 53-59 West 170th Street, 1372A Jessup Avenue, Bronx, New York (the "Property") to S6 Realty Corp. (the "Purchaser") pursuant to the terms of a certain Purchase Agreement (the "Purchase Agreement"), and seeks authority to assume and assign certain leases referred to in, and attached to, the Purchase Agreement, for a total purchase price of $1,350,000.00, including a good faith deposit of $135,000.00.

The Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief herein granted;

IT IS HEREBY ORDERED THAT:

1. That portion of the Motion requesting the approval of Bidding Procedures is GRANTED.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3. Within five (5) days after the entry of this Order, the Debtor shall serve, by first class mail, a copy of the Sale Notice attached to the Motion on all of the Debtor's creditors, counterparties to executory contracts and leases, the taxing authorities, equity holders, and entities which, in the past, have expressed some direct interest in acquiring the Debtor's Property, if any, all parties-in-interest, and all parties which have filed

notices of appearance and the United States Trustee. The Debtor shall provide a copy of the Purchase Agreement to any person who so requesting a copy.

4. Any party desiring to participate in the sale process (hereinafter a "Competing Bidder") shall submit a bid (hereinafter a "Competing Bid") by facsimile to Debtor's Counsel:

> Lawrence R. Reich, Esq.
> Reich Reich & Reich, P.C.
> 235 Main Street, Suite 450
> White Plains, NY 10601
> Telephone: (914) 949-2126
> Facsimile: (914) 949-1604
> Email: lreich@reichpc.com

Any such Competing Bids must be received by Debtor's Counsel on or before _____ p.m. on _____, 2017. Any such Competing Bid shall (a) contain the identity of such potential bidder with an irrevocable offer to purchase the Property under the same terms as set forth in the Purchase Agreement, including without limitation that, notwithstanding any of the other terms and conditions of such offer, such offer shall be required to close in full not later than _____, 2017 (the "Closing"), (b) propose a purchase price in an amount totaling at least $1,400,000.00 (the "Minimum Overbid") payable in cash at the Closing, (c) be accompanied by delivery of a certified check payable to Second Southern Baptist Church of New York in the amount of $140,000.00 (the "Competing Bid Deposit") (the requirement for a cash Competing Bid Deposit will apply to any and all bidders including without limitation any bidder that intends to proceed by way of "credit bidding" its indebtedness), and (d) proof of satisfactory to the Debtor of the Competing Bidder's financial ability to complete the transaction contemplated by such offer. All parties meeting the requirements set forth in this

3

paragraph, as well as the Purchaser, are referred to collectively in this Order as "Qualified Bidders." The Debtor's Counsel shall make the Competing Bids of all Competing Bidders available for Inspection and copying only upon request. Notwithstanding anything to the contrary in the foregoing, the Purchaser shall be deemed a Qualified Bidder.

5. Upon request of the parties and upon good cause shown, pursuant to Bankruptcy Rule 9006(c), the Court has fixed the time for the hearing on the proposed sale of assets, and hereby directs that the Purchaser and any Competing Bidders shall appear at _____ a.m. at a hearing to take place on _____, 2017 before the Honorable Sean H. Lane at the U.S. Bankruptcy Court, One Bowling Green, New York, New York 10004 (the "Sale Hearing"). At the Sale Hearing, the Court will resolve any disputes about whether a Competing Bidder is a Qualified Bidder.

6. At the Sale Hearing, the Court will hold an open auction among the Qualified Bidders. Overbids shall be in increments of at least $50,000.00. At the close of the auction, the Court will determine the successful bidder (the "Successful Bidder"). If, for any reason, the Successful Bidder does not timely close, the second highest bidder shall have the option to acquire the Purchased Assets for the amount of its highest bid.

7. The Bid Deposit of the Successful Bidder shall be retained by counsel for the Debtor in an interest-bearing account. The Bid Deposits received from any other Qualified Bidders shall be returned to such bidders within five (5) days after conclusion of the Sale Hearing. If the Successful Bidder consummates the purchase contemplated by the Successful Bid, the Bid Deposit of the Successful Bidder shall be applied to the

Purchase Price. If the Successful Bidder fails to consummate the purchase contemplated by the Successful Bid, the Bid Deposit shall be forfeited to the Debtor.

8. If the Successful Bidder fails to consummate the purchase contemplated by the Successful Bid, the second highest bidder shall have the option to acquire the Property for the amount of its highest bid without further notice, hearing or other of the Court. The provisions of paragraph 8 shall apply to any sale to the second highest bidder.

9. In the event that no Competing Bids are received by the Debtor as set forth in paragraph 4 above, the Sale Hearing will take place in order for the Debtor to seek final approval of the sale of the Property pursuant to the terms of the Purchase Agreement and the Sale Order attached to the Motion.

10. The ultimate purchaser of the Property pursuant to the Sale and Assignment Order (the "Ultimate Purchaser") shall be entitled to the protections afforded by §363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of this Order will not affect the validity of the transfer of the Property to the Ultimate Purchaser.

11. This Order shall be effective immediately upon entry pursuant to Bankruptcy Rules 7062 and 9014, and no automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, applies with respect to this Order or any other Order entered in connection herewith. Bankruptcy Rule 6004(g) shall not apply to this Order.

Dated: New York, New York
       , 2017

                HONORABLE SEAN H. LANE
                UNITED STATES BANKRUPTCY JUDGE