# Exhibit E

REICH REICH & REICH, P.C.
Attorneys for Debtor
Second Southern Baptist Church
of New York
235 Main Street, 4th Floor
White Plains, NY 10601
(914) 949-2126
By: Lawrence R. Reich
lreich@reichpc.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

          SECOND SOUTHERN BAPTIST
          CHURCH OF NEW YORK,

                      Debtor.
-----------------------------------------------------------X

Chapter 11
Case No.
15-12509(SHL)

### NOTICE OF (A) BIDDING PROCEDURES FOR SALE OF DEBTOR'S REAL PROPERTY; (B) AUCTION OF SUCH REAL PROPERTY; AND (C) THE SALE HEARING

**PLEASE TAKE NOTICE** that, on _____, 2017, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order (the "Order") (a) establishing bidding and auction procedures (the "Bidding Procedures") related to the sale of the Debtor's real estate (the "Property"); and (b) scheduling an auction and setting a date and time for a sale hearing for the sale of the Property for _____ at _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, an auction for the Real Property will take place on _____, 2017 at ___ (the "Sale Hearing").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the following Bid Procedures shall govern the sale of the Property:

      A.    **Deadline for Submission of Bids.** The Debtor seeks to solicit bids for the sale of the Property. In order to solicit the highest and best offers, the Debtor is conducting the

1

Auction described in the Order. The first step is the submission of binding bids. The deadline for submitting any and all competing bids shall be no later than _____, 2017 at \_\_\_\_\_ (EST) (the "Bid Deadline").

    B.    **Submission of Bids.** The public auction sale, is based upon pre-qualifying bidders who have submitted "qualifying bids" (as defined in the Order). The Debtor will seek approval of the following terms and conditions for the sale ("Bidding Procedures"):

    (a)    The public auction sale of the Property will be conducted in the Bankruptcy Court, upon the following terms and conditions:

    (1)    to be considered by the Debtor, an offer for the purchase of the Real Estate must be a "Qualified Competing Bid" made by a "Qualified Competing Bidder" as provided herein;

    (2)    a Qualified Competing Bid shall consist of a timely and unconditional offer for the purchase of the Real Estate made by a Qualified Competing Bidder in accordance with the terms hereof and accompanied by a deposit as provided for herein;

    (3)    an offer for the purchase of the Property must be submitted by a party which demonstrates a financial ability to consummate the purchase of the Real Estate ("Qualified Competing Bidder");

    (4)    each offer must be served upon the Debtor's counsel, Reich Reich & Reich, P.C., 235 Main Street, Suite 450, White Plains, New York 10601, accompanied by evidence satisfactory to the Debtor of the willingness and financial ability of the Qualified Competing Bidder to consummate the transaction;

    (5)    each Qualified Competing Bid must be served upon the Debtor's counsel, Reich Reich & Reich, P.C., 235 Main Street, Suite 450, White Plains, New York 10601 so as to be received no later than \_\_\_ (\_\_) business days to the Sale Hearing (_____, 2017);

    (6)    each Qualified Competing Bidder making a Qualified Competing Bid must deliver to the Debtor's counsel, Reich Reich & Reich, P.C., 235 Main Street, Suite 450, White Plains, New York 10601, at the time of making such Qualified Competing Bid, a deposit of $140,000.00 ("Deposit");

(7) deposits shall be made in immediately available funds to the order of Reich Reich & Reich, P.C., as attorneys for Seller (cashier's check, certified check, irrevocable letter of credit, wire transfer or cash);

(8) if a Qualified Competing Bidder becomes the purchaser, its deposit shall be deemed to be non-refundable, and shall be forfeited to the Debtor's estate, if such purchaser fails to close for any reason whatsoever;

(9) if a Qualified Competing Bidder does not become the purchaser or the Backup Bidder (as defined below), its deposit shall be returned to it within three business days after the conclusion of the public auction sale, *provided however*, that the deposit tendered by the Backup Bidder shall be held by the Debtor's counsel until three (3) business days after the closing of the sale to the successful bidder unless the Debtor indicated its intention to close on the Backup Bid in which case the Backup Bidder's deposit shall be credited to the purchase price of forfeited to the Debtor as liquidated damages as the case may be;

(10) a Qualified Competing Bid must contain an irrevocable offer to purchase the Property substantially on the terms set forth in the form of Purchase Agreement annexed to the Motion as Exhibit D, marked to show any changes therefrom;

(11) a Qualified Competing Bid must not be contingent upon either financing or the conduct or results of any due diligence investigation;

(12) a Qualified Competing Bid must provide for a closing date no later than thirty days after entry of the Sale Order with time being of the essence as against the purchaser;

(13) at the Debtor's reasonable discretion, any Qualified Competing Bid made by any Qualified Competing Bidder which does not attend the public auction sale may be treated as waived and revoked;

(14) at the time and place of the public auction sale, if one or more Qualified Competing Bids have been timely submitted, and neither wishes to submit a revised, higher and better bid on the record, the highest and best Qualified Competing Bid shall be deemed the Successful Bid and such bidder shall be deemed to the purchaser;

C. **Disclaimer.**

  i. Any sale or other disposition of all of the Property shall be without representations or warranties of any kind, nature or description by the Debtor, its advisors, agents or representatives. The Property shall be transferred on an "as is" and "where is" basis, free and clear of all liens, claims and encumbrances.

  ii. Any and all information provided by the Debtor or its advisors to bidders to prospective bidders (the "Data") (a) has been prepared for informational purposes only; (b) has been prepared from materials supplied to the Debtor by third parties; and (c) is being furnished solely for use by the bidders in considering their interest in acquiring the Property.

  iii. By accepting Data from the Debtor and/or any of its advisors, the recipient acknowledges and agrees that the Data has been prepared to assist the recipient in making its own evaluation of the Property and the Data does not purport to be all-inclusive or to contain all of the information that a bidder may desire. In all cases, bidders should conduct their own investigation and analysis of the Property, conduct site inspections, and scrutinize all of the Data. The Debtor and its advisors assume no responsibility for independent verification of any of the Data and have not in any way audited such information. The Debtor and its advisors are not making, nor will they make, any written or oral statements, representations, warranties, promises or guarantees, whether express, implied or by operation of law or otherwise, with respect to the Property and with respect to the accuracy, reliability or completeness of any Data, except as expressly stated in a contract executed by the Debtor. The Debtor and its advisors and their respective, attorneys, partners, officers, directors and employees, affiliates and representatives expressly disclaim any and all liability based on or relating or pertaining to any written or oral statements, financial information, projections, representations, warranties, promises or guarantees, whether expressed, implied or by operation of law or otherwise.

  iv. Each bidder, by submitting a bid for the Property, shall be deemed to acknowledge and represent: (a) that it is bound by these Bid Procedures, (b) that it had an opportunity to inspect and examine the Property and to review all pertinent documents and information with respect to Property prior to making its offer and that it relied solely on that review and upon its own investigation and inspection of the Property in making its bid; and (c) that it is not relying upon

(15) at the time and place of the public auction sale if one or more Qualified Competing Bids have been timely submitted, the Debtor shall conduct the public auction sale if one or more Qualified Competing Bids have been timely submitted, Bidder or Bidders that has or have submitted a Qualified Competing Bid or Bids;

(16) the minimum opening bid at the Public Auction Sale shall not be less than the amount of $1,400,000.00;

(17) subsequent bids made on the record at the Public Auction Sale shall be in minimum increments of $50,000.00;

(18) at such time as it appears to the Debtor, in the exercise of its reasonable discretion, that none of the Qualified Competing Bidders present at the public auction sale are prepared to advance the bidding, the Debtor shall (after giving fair warning on the record to those entities present) close the bidding on the record and the entity which immediately prior to the close of the bidding shall have submitted the highest and best offer for the purchase of the Property shall be declared the successful purchaser subject to the order of the Bankruptcy Court, which approves the sale;

(19) absent irregularities in the conduct of the auction, or reasonable and material confusion during the bidding, the Bankruptcy Court will not consider bids made after the auction has been closed;

(20) The Qualified Competing Bid which is second highest at the public auction sale shall be designated as the "Backup Bid" and the second highest Qualified Competing Bidder as the "Backup Bidder" and the Debtor shall be authorized to close on the sale, *provided however*, that the Debtor shall give the Backup Bidder no less than ten (10) calendar days notice of the successful bidder's failure to close and the Debtor's intention to close on the Backup Bid;

(21) The Purchaser of the Property shall be deemed a purchaser in good faith of the Property and is entitled to all of the protections afforded by 11 U.S.C §363(m).

(22) The Debtor shall have the right in the exercise of its fiduciary duties to alter any of the foregoing Bidding Procedures.

***Parties which desire to bid for the Property are strongly urged to make their own physical inspection of the Property. Arrangements as to same may be made by contacting the Church's Manager, Mario Delbrun – (917) 488-8748.***

not relying upon any written or oral statements, representations, or warranties of the Debtor, or the Debtor's agents or representatives.

D. **Other Provisions.** Except to the extent of the applicability of Section 1146(c) of the Bankruptcy Code, all sales, transfer and recording taxes, stamp taxes or similar taxes, if any, relating to the Real Estate shall be the sole responsibility of the winning bidder and shall be paid to the Debtor at the closing. The Debtor, at or before the auction, may impose such other and additional terms and conditions as it may determine to be in the best interests of the Debtor, its estate, the creditors and other parties in interest. The Debtor may reject any bid that in its sole discretion is deemed to be: (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or these Bid Procedures, or (iii) contrary to the best interests of the Debtor's estate. Such rejection may be made at any time prior to Bankruptcy Court approval. Any and all disputes related to or pertaining to or resulting from the marketing process, the auction, the sale and/or the conduct of the Debtor and its advisors or any other professional, shall be adjudicated solely by this Court. The submission of a bid shall constitute an express consent by the bidder to the exclusive jurisdiction of the Bankruptcy Court for all such matters.

**PLEASE TAKE FURTHER NOTICE** that objections to the Sale must be filed by and served so as to be received by (1) counsel to the Debtor, Reich Reich & Reich, P.C., Suite 450, White Plains, New York 10601; and (2) the Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, N.Y. 10014; by no later than _____, 2017.

**THE FAILURE OF ANY PERSON OR ENTITY TO FILE AND SERVE AN OBJECTION BY THE OBJECTION DEADLINE SHALL BE A BAR TO THE ASSERTION BY SUCH PERSON OR ENTITY OF ANY OBJECTION TO THE SALE MOTION, THE SALE ORDER, THE SALE TRANSACTION, OR THE DEBTOR'S CONSUMMATION AND PERFORMANCE OF THE PURCHASE AGREEMENT.**

**THE FAILURE OF ANY PERSON OR ENTITY WITH AN ENCUMBRANCE ON THE PROPERTY WHO DOES NOT FILE AND SERVE AN OBJECTION BY THE OBJECTION DEADLINE, SHALL BE DEEMED TO CONSENT TO THE SALE TRANASCTION BEING FREE AND CLEAR OF ALL ENCUMBRANCES (OTHER THAN ASSUMED LEASES). UPON THE CLOSING, SUCH ENCUMBRANCES WILL ATTACH TO THE PROCEEDS OF THE SALE TRANSACTION WITH THE SAME VALIDITY, PRIORITY, AND FORCE AND EFFECT AS SUCH ENCUMBRANCE HAD IMMEDIATELY PRIOR TO THE CLOSING OF THE SALE TRANASCTION. IN ADDITION, ALL SUCH PERSONS COULD BE COMPELLED TO ACCEPT MONEY SATISFACTION FOR THEIR INTERESTS.**

Dated: White Plains, New York
_____, 2017

                              REICH REICH & REICH, P.C.
                              Attorneys for Debtor

                            By:_____
                              Lawrence R. Reich
                              235 Main Street, Suite 450
                              White Plains, NY 10601
                              Telephone: (914) 949-2126
                              Facsimile: (914) 949-1604
                              lreich@reichpc.com