UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

    **SECOND SOUTHERN BAPTIST**
    **CHURCH OF NEW YORK,**

                                       **Debtor.**

Chapter 11
Case No.
15-12509(SHL)

---------------------------------------------------------------X

## ORDER DIRECTING COMPLIANCE BY HIGH BIDDER, RAVI ANNAMANENI, WITH BIDDING PROCEDURES ORDER

Second Southern Baptist Church of New York(the "Debtor") having filed an application for an order under 11 U.S.C. §§ 105, 363 and 365 authorizing the Debtor to sell real property owned by the Debtor located in Bronx County, New York, with street addresses of 1340 Edward L. Grant Highway, 59A West 170th Street, 53-59 West 170th Street, 53-59 West 170th Street, 1372A Jessup Avenue, Bronx, New York (the "Property") pursuant to the Auction Procedures (as defined below), free and clear of all liens, claims, interests and encumbrances thereon to that entity making a Qualified bid that is determined by the Court to be the highest and/or best bid for the Property; and

Upon this Court's prior order, dated July 31, 2017 (the "Bidding Procedures Order"), scheduling a hearing with respect to the sale of the Property, prescribing the form and manner of notice thereof, approving certain auction procedures, including the terms and conditions of sale and bidding for the Property (the "Auction Procedures"); and the Court having in the Bidding Procedures Order having scheduled a hearing on the auction for August 21, 2017 (the "Hearing"); and

1

Due notice of the proposed auction, the Bidding Procedures Order and the Hearing having been given to all parties entitled thereto, as evidenced by the affidavits of service previously filed with this Court (the "Affidavits");

The Hearing having been held before this Court on August 21, 2017 at which time all parties in interest were afforded an opportunity to bid on the Property; and the Court having determined at the conclusion of the Hearing that Ravi Annamaneni ("Annamaneni') made the highest and best bid for the Property pursuant to the Auction Procedures; and that S-6 Realty ("S-6") made the second highest and best bid for the Property pursuant to the Auction Procedures;

A letter having been written by the Debtor to the Court on August 22, 2017, indicating that S-6 raised issues regarding irregularities in the Auction process;

The Court having conducted a hearing by telephone on August 31, 2017 to discuss the issues raised in the August 22, 2017 letter;

The Debtor, Annamaneni and S-6 parties having agreed during the August 31, 2017 telephone hearing to permit Annamaneni the opportunity to establish that he is ready, willing and able to close before considering further the issues raised in the August 22, 2017 letter;

Annamaneni having failed to respond to the Debtor's requests to enter into a written agreement to implement the parties' August 31, 2017 verbal agreement, and

Debtor's counsel having represented (a) that on September 21, 2017 Annamaneni, through counsel, inquired by email to the Debtor's counsel whether the Debtor would refund the $140,000.00 deposit he had made to the Debtor in accordance with the Bidding Procedures Order, (b) The Debtor, through counsel, responded to the aforesaid email on September 22, 2017: (i) advising Annamaneni's counsel that under the bidding procedures approved by the Court in the Bidding Procedures Order the aforesaid deposit is non-refundable; (ii) repeating the Debtor's demand that the previously-tendered purchase agreement for the Property be executed and returned

2

by Annamaneni; and (ii) stating that if the purchase agreement was not returned an order would be submitted by the Debtor to the Court finding Annamaneni to be in default of the Bidding Procedures Order and authorizing the forfeiture of his deposit;

NOW, THEREFORE, based upon the Court's review of the Affidavits; and upon all of the evidence proffered or adduced at, and arguments of counsel made at, the Hearing; and upon the entire record of the Hearing and this case; and after due deliberation thereon; and good cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

1. This Court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of this case in this district is proper pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (N). The statutory predicates for the relief granted herein are Sections 105, 363 and 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* as amended (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 6004 and 6006.

4. The Debtor has followed the procedures for giving notice of the Hearing.

5. Proper, timely, adequate and sufficient notice of the Hearing has been provided in accordance with Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006, and the Bidding Procedures Order.

6. The $2,450,000.00 bid of Annamaneni was found and determined by the Court at the Hearing to be highest and best bid for the Property pursuant to the Auction Procedures.

7. The second highest bid of S6 in the amount of $2,400,000.00 was found by the Court at the Hearing and determined to be the Back Up Bid under the terms of the Auction Procedures, provided, however, that such determination is subject to further review by the Court based upon, among other things, the contents of the August 27, 2017 letter.

8. The Court has been advised by the Debtor that, notwithstanding due tender of the Purchase Agreement for the Property (as defined in the Bidding Order) by the Debtor to Annamaneni for execution and return, Annamaneni has refused and neglected to return the executed Purchase Agreement to the Debtor.

NOW THEREFOR IT IS HEREBY ORDERED THAT:

A. Annamaneni be and hereby is directed to execute the Purchase Agreement and return it to the Debtor's counsel within ten (10) days of service of a copy of this Order upon him and his attorneys by certified mail, return receipt requested and by e-mail, together with proof of funds to close on the Purchase Agreement. If Annamaneni complies with his obligation under this paragraph A, then the Court will enter an order approving the sale to Annamaneni.

B. In the event that Annamaneni does not comply with the directives contained in paragraph A above, upon the Debtor's counsel's filing of an affidavit of non-compliance by Annamaneni with the Court's directives in paragraph A above, Annamaneni shall be deemed to be in default under the Bidding Procedures Order.

C. In the event of a default as described hereinabove in paragraph B, Annamaneni's non-refundable $140,000.00 deposit made by him pursuant to the Bidding Procedures Order shall be forfeited to the Debtor's estate with no further recourse thereto by Annamaneni.

      D.    In the event of a default by Annamaneni as described hereinabove in paragraphs B and C the Debtor is hereby authorized to schedule a status hearing before this Court at a date and time to be announced on not less than three (3) days' notice to S-6, to consider further procedures for determining the rights and remedies of the Debtor and S-6.

Dated: New York, New York
      _____, 2017

                                      HONORABLE SEAN H. LANE
                                      UNITED STATES BANKRUPTCY JUDGE